972 F.2d 351
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Larry GEORGE, Plaintiff/Appellant,
v.
Thomas DONOVAN, and Gary McCaughtry, Defendants/Appellees.
 No. 90-1620.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 13, 1992.[1]
Decided July 23, 1992.
 
 Before CUDAHY and COFFEY, Circuit Judges, and PELL, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Larry George was taking two correspondence courses when he was transferred from the Columbia Correctional Institute to the Waupun Correctional Institution. At Waupun, the educational director, Thomas Donovan, allegedly told George that the prison was holding his correspondence course materials, "pending a study that is now being conducted relative to correspondence courses and the mechanism for approval within the Division of Corrections." Donovan also allegedly indicated to George that the subject matter of the course, paralegal training, was relevant to the decision to withhold the materials. George filed a written objection with the defendants, but he claims that they failed to respond to his complaints.
 
 
 2
 George sued the responsible prison officials pursuant to 42 U.S.C. § 1983, claiming that they had violated his Fourteenth Amendment due process rights and his First Amendment rights by refusing to deliver educational materials mailed to him. The district court denied him leave to proceed in forma pauperis and dismissed his suit as frivolous. 28 U.S.C. § 1915(d). The court concluded that the Wisconsin Administrative Code did not "call into issue either property or liberty rights" protectable under the Fourteenth Amendment because they simply established the procedures for distribution of inmate mail. See Wallace v. Robinson, 940 F.2d 243, 246-47 (7th Cir. 1991) (en banc) (procedural regulations do not establish protectable constitutional rights, despite the use of mandatory languate); Smith v. Shettle, 946 F.2d 1250, 1252 (7th Cir. 1991). The court also stated, without discussion or citation to legal authority, that "[t]he allegation that the defendants have refused to deliver him his books does not support a claim for a violation of his constitutional rights."
 
 
 3
 We review dismissals under section 1915(d) for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Denton says that reviewing courts should consider such factors as whether the plaintiff was proceeding pro se, whether the court inappropriately resolved factual disputes, whether the court provided sufficient analysis to facilitate "intelligent appellate review," and whether the court applied erroneous legal conclusions. Id. at 1734.
 
 
 4
 In this case, the brevity of the district court's discussion makes it unclear whether it applied erroneous legal conclusions. In particular, it appears that the court did not address George's claim that retention of his educational materials violated his First Amendment rights. It is possible that the court's observation that the defendants' refusal to deliver George's books, "does not support a claim for a violation of his constitutional rights" was intended to dispose of his First Amendment claim. The court's discussion following the sentence just quoted, however, addressed George's due process claim. The order contains no further discussion of any potential First Amendment violation.
 
 
 5
 An arbitrary denial of access to published materials violates an inmate's First Amendment rights. Martin v. Tyson, 845 F.2d 1451, 1454 (7th Cir. 1988); Sizemore v. Williford, 829 F.2d 608, 610 (7th Cir. 1987). George's complaint alleged that the prison officials held onto his books while they were establishing standards for evaluating correspondence educational programs. If this was all George alleged, his claim under the First Amendment would be frivolous. Sizemore, 829 F.2d at 610 & 611. But, the complaint also alleges that Donovan told George that he was withholding George's books because they contained legal materials. If the officials' action was based on the content of the reading materials and not "reasonably related to legitimate penological interests," Thornburgh v. Abbott, 490 U.S. 401, 409 (1988) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)), then George's claim might not be frivolous. But the court's cursory order does not mention the First Amendment, nor does it cite any First Amendment cases. The court's omission obstructs "intelligent appellate review" of whether George made a meritorious legal claim under the First Amendment by alleging that the officials' had a content-based reason for withholding his books. Section 1915(d) allows courts to dismiss a claim that is based on a legal theory indisputably void of merit or that presents factual allegations describing fantastic or delusional scenarios, "claims with which federal district judges are all to familiar." Neitzke v. Williams, 490 U.S. 319, 328 (1989). On the record before us, however, we cannot conclude that George's claim under the First Amendment was based on a legal theory indisputably void of merit. Nor to George's factual allegations describe a scenario so fantastic or delusional as to be frivolous on their face. We VACATE the judgment of the district court and REMAND this matter to the district court for further examination of George's First Amendment claim.